ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JUN 14 AM 11: 06

CLERK _____
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| LERRY AKINSUROJU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 306-32 |
| | ) |
| CORRECTIONS CORPORATION OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).[1] The Court allowed Plaintiff to proceed *in forma pauperis*, and his complaint accordingly must be screened before process is served on defendant.

Pleadings drafted by pro se litigants must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A. For the following reasons, the Court recommends that plaintiff's complaint be **DISMISSED** and that this civil action be

---

[1] Plaintiff initially filed under Title 42, United States Code, Section 1983. Section 1983, however, only authorizes claims alleging the deprivation of constitutional rights by persons acting under color of state law. Plaintiff is a federal prisoner in a federal prison facility. The authority to maintain custody of federal prisoners is one created by federal law and reserved solely to the federal government. Thus, plaintiff may not receive relief under Section 1983. E.g., Sarro v. Cornell Corr., Inc., 248 F. Supp.2d 52, 64 (D.R.I. 2003). Accordingly, the Court will construe plaintiff's complaint as an attempt to state a claim under Bivens.

**CLOSED.**

## I. BACKGROUND

Plaintiff, an inmate at McRae Correctional Facility ("McRae") in McRae, Georgia,[2] alleges in his complaint that he purchased "Realemon Juice" from the prison commissary on September 2, 2005. Plaintiff states that he became ill after purchasing the product, which plaintiff alleges expired in April 2005. He also alleges that he requested medical care on September 12, 2005, but he was not provided with adequate care.

According to plaintiff's complaint, prison medical staff examined him on September 19, 2005. At that time, prison personnel informed him that "Realemon Juice" would be pulled from the prison commissary.

Plaintiff alleges that his physical symptoms then became more severe. In February 2006, the prison medical clinic performed a lab test, according to plaintiff, which revealed that plaintiff had "poisonous bacteria in [his] system." Prison staff prescribed an antibiotic, which plaintiff alleges did not relieve his symptoms.

On May 18, 2006, plaintiff amended his complaint to include the allegation that, on May 4, 2006, he purchased expired pain medication from the prison commissary. According to plaintiff, he became ill after taking the medication. Plaintiff seeks relief on the grounds that he has not been provided with adequate medical care and that prison staff negligently provided expired food and medical products to inmates in the prison's commissary.

---

[2]McRae is a private prison facility administered by the defendant corporation.

## II. DISCUSSION

Plaintiff seeks to hold a privately operated federal prison liable for alleged violations of his constitutional rights under Bivens. "In Bivens, the Supreme Court held that 'violation of [the Fourth Amendment] by a federal agent acting under color of his authority gives rise to a cause of action for damages,' despite the absence of any federal statute creating liability." Holly v. Scott, 434 F.3d 287, 289 (4th Cir.) (quoting Bivens, 403 U.S. at 389), cert. denied, 2006 WL 993718 (U.S. May 30, 2006). The Court subsequently extended Bivens to recognize actions against federal prison officials for violations of the Eighth Amendment. See generally Carlson v. Green, 446 U.S. 14 (1980).

In recent years, however, the Court has "retreated from [its] previous willingness to imply a cause of action where Congress has not provided one." Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 67 n.3 (2001). The Court has clarified that Bivens should only be extended "to provide an otherwise nonexistent cause of action against individual officers alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked any alternative remedy for harms caused by an individual officer's unconstitutional conduct." Id. at 70.

The fact that a defendant is a private corporation should "counsel[] hesitation" in extending Bivens, particularly where the private corporation does not perform a public function. Holly, 434 F.3d at 291. In Richardson v. McKnight, 521 U.S. 399 (1997), the Supreme Court held that the operation of prisons is not a "public function." Id. at 405. Inasmuch as employees of a private prison are not public employees and, according to the Richardson Court, are not performing a public function, extension of Bivens to private

3

prisons and their employees would not serve the purpose of deterring federal government officials, or private employees otherwise performing public functions, from misconduct.

The Court's reluctance to extend Bivens liability in this case is supported by the existence of remedies available to plaintiff in state law. With regard to plaintiff's claim of food poisoning or the prison's provision of expired drugs, Georgia common law provides for relief on such claims. E.g., Meyer v. Super Disc. Mkts., Inc., 501 S.E. 2d 2, 4 (Ga. App. 1998). Plaintiff's claims of inadequate provision of medical attention likewise are subject to redress in Georgia courts; Georgia law provides plaintiff with a cause of action for negligence and medical malpractice. E.g., O.C.G.A. § 9-3-70 (providing that "medical malpractice" includes all claims "arising out of" "[h]ealth, medical, dental, or surgical service, diagnosis, prescription, treatment, or care"); ARA Health Servs. v. Stitt, 551 S.E.2d 793, 794 (Ga. App. 2001).[3]

In Peoples v. CCA Detention Centers, 422 F.3d 1090 (10th Cir. 2005), vacated on other grounds, Nos. 04-3071, 04-3124, 2006 WL 1377015 (10th Cir. May 17, 2006) (en banc), the Tenth Circuit declined to extend Bivens to a private prison facility defendant when it concluded "that there exists an alternative cause of action arising under either state or federal law against the individual defendant for the harm created by the constitutional deprivation." Id. at 1103; accord Holly, 434 F.3d at 295-96 ("Because [the plaintiff] possesses an alternative remedy for his alleged injury, no action under [Bivens] lies."(Motz,

---

[3] In fact, the availability of *respondeat superior* liability and punitive damages under state law make plaintiff's remedies in state law "arguably superior" to those available to him under Bivens. See Holly, 434 F.3d at 287 (noting, in similar case, that remedies in state negligence law "arguably superior" to Bivens remedies).

4

J., concurring)). The Court here likewise declines to extend <u>Bivens</u> to a cause of action against a non-federal actor where adequate, and in fact superior, remedies are available to plaintiff in state law.[4]

### III. CONCLUSION

For the reasons stated above, the Court declines to extend <u>Bivens</u> to the claims raised in plaintiff's complaint.[5] Accordingly, plaintiff's complaint should be **DISMISSED** and this civil action should be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of June, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court recognizes that, in the past, it has allowed similar <u>Bivens</u> claims to proceed beyond initial screening under Sections 1915(e) and 1915A. E.g., <u>Padilla v. CCA</u>, CV 304-011, doc. no. 17, p. 3 (S.D. Ga. Oct. 26, 2004). In light of the recent decisions from the Fourth and Tenth Circuits, <u>Holly v. Scott</u>, 434 F.3d 287 (4th Cir. 2006), and <u>Peoples v. CCA Detention Centers</u>, 422 F.3d 1090 (10th Cir. 2005), which the Court finds persuasive, however, the Court elects to departs from its prior practice.

[5] The Court notes that plaintiff's claims would be subject to dismissal even if it were inclined to extend <u>Bivens</u> to this case. His claims alleging inadequate medical care have not been exhausted through the prison grievance system. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). His claims asserting that he has been poisoned by expired food or drugs purchased at the prison commissary are allegations, at best, of negligence on the part of prison officials, and thus appear to be insufficient to state a cognizable claim for relief under <u>Bivens</u>. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994) (noting that constitutional liability cannot be grounded on claims of simple negligence).

5