UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

LERRY AKINSUROJU, )
 )
      Plaintiff, )
 )
v. ) Case No. CV 306-32
 )
CORRECTIONS CORPORATION )
OF AMERICA, )
 )
      Defendants. )

## ORDER

Plaintiff Akinsuroju, an inmate at McRae Correctional Facility, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted in forma pauperis status, and the matter is now before this Court for initial screening pursuant to 28 U.S.C. §1915A. The Magistrate Judge recommends that the instant petition be dismissed for failure to state a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) against individual employees of a privately-operated prison. After a careful, de novo review of the file, this Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections were filed.

## BACKGROUND

Plaintiff Akinsuroju filed this § 1983 petition on May 4, 2006. He claims that he became seriously ill after consuming expired juice he purchased from the prison commissary. On May 18, 2006, Plaintiff amended his complaint to include the allegation that

he became ill after taking expired medication he purchased from the prison commissary. Plaintiff seeks relief on the grounds that he has not been provided with adequate medical care and that prison staff negligently provided expired food and medical products to inmates in the prison's commissary.

The Magistrate Judge interprets the current § 1983 complaint as a claim under Bivens, 403 U.S. 388 (1971). Under Bivens and its progeny, the Supreme Court recognized an action against federal prison officials for violations of the Eighth and Fourth Amendments. However, the Report and Recommendation ("R & R") points out that the Fourth and Tenth Circuit courts have declined to extend liability under Bivens to employees of a private corporation, even if the private entity has contracted with the federal government to manage federal prisons. Therefore, the Magistrate Judge recommends dismissal of the current action.

## ANALYSIS

Pursuant to 28 U.S.C. §1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the claims asserted are frivolous, malicious, or the petitioner has failed to state a claim upon which relief may be granted. A complaint may be dismissed without prejudice for failure to state a claim when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In order to state a

Section 1983 claim for relief, Plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity protected by the Constitution or a statute of the United States and (2) the act or omission was committed by a person acting under color of state law. 42 U.S.C. §1983; Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

After a de novo review, this Court concurs with the Magistrate Judge's assessment that Plaintiff Akinsuroju's Section 1983 claim is properly construed as a Bivens claim. Plaintiff Akinsuroju is a federal prisoner. As such, the prison officials at McRae are not acting under color of state law, but federal law. The United States Supreme Court has stated that

> a *Bivens* action is the federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983. See also Waxman & Morrison, What Kind of Immunity? Federal Officers, State Criminal Law, and the Supremacy Clause, 112 Yale L.J. 2195, 2208 (2003) ( "Section 1983 applies . . . to state and local officers, [and] the Supreme Court in *Bivens* . . . inferred a parallel damages action against federal officers").

Hartman v. Moore, 126 S.Ct. 1695, 1700 n.2 (2006). Moreover, the Southern District of Georgia has also construed § 1983 claims against federal prison officials as Bivens actions. See, e.g., Nelson v. Chaney et al, CV 404-207 (S.D.Ga.) (Docs. 8 and 13).

Because Plaintiff Akinsuroju's claim is properly brought as a Bivens action,

-3-

this Court must address whether a <u>Bivens</u> action can be brought against a private corporation that operates a federal prison and the individual employees of that corporation. In his complaint, Petitioner names only Corrections Corporation of America ("CCA") as a defendant. However, in <u>Malesko</u>, the Supreme Court held that the plaintiff did not state a claim for relief under <u>Bivens</u> against a private corporation. <u>Correctional Services Corporation v. Malesko</u>, 534 U.S. 61 (2001). The plaintiff in <u>Malesko</u> sought relief from "a private corporation operating a halfway house under contract with the Bureau of Prisons." <u>Id.</u> at 63 The Court reasoned that allowing <u>Bivens</u> actions against corporate entities would lead claimants to "focus their collection efforts on [the corporate defendant], and not the individual directly responsible for the alleged injury," thus weakening the deterrence rationale underlying <u>Bivens</u> claims. <u>Id.</u> The Court held that "inferring a constitutional tort remedy against a private entity like CSC is . . . foreclosed." <u>Id.</u> Under the facts of the current case, this Court finds <u>Malesko</u> to be applicable controlling law, and Petitioner may not bring a <u>Bivens</u> action against CCA. Therefore, his suit against CCA must be dismissed for failure to state a claim upon which relief may be granted.

Although Plaintiff fails to state a claim for which relief may be granted as to Defendant CCA, to the extent that Plaintiff is impliedly naming individual employees of CCA as defendants, this Court will address those additional claims. The Magistrate Judge recommends following recent decisions from the Fourth and Tenth Circuit courts and dismissing the current action under the initial screening of 28 U.S.C. §1915A for failure to

state a claim. The Magistrate Judge also acknowledges that a previous case from the Southern District of Georgia has allowed a prisoner to file a Bivens action against officers at a private prison. See Padilla v. CCA, CV 404-11. However, this Court chooses not to follow Padilla. Under the facts of the current case, this Court finds that the Padilla case is not applicable. Rather, this Court follows the recent case of Alba v. Montford et al., CV 305-159 (S.D.Ga.) and finds that Plaintiff has failed to state a claim upon which relief may be granted.

This Court is persuaded by the reasoning set forth by the Tenth and Fourth Circuit Courts of Appeal that Plaintiff Akinsuroju has failed to state a claim upon which relief may be granted. The Tenth Circuit in Peoples v. CCA Detention Centers, 422 F.3d 1090, 1101 (10th Cir. 2005), held that there was no implied right to a private damages action under Bivens against employees of a private prison for alleged constitutional deprivations when alternative causes of action were available to the plaintiff. See also Holly v. Scott, 434 F.3d 287 (4th Cir. 2006). The Tenth Circuit followed the Supreme Court in Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001), which reasoned that the purpose of Bivens is only "to provide an otherwise nonexistent cause of action against individual officers alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked any alternative remedy." Malesko, 534 U.S. at 70. The Tenth Circuit indicated that the plaintiff had an adequate state court remedy available to him and declined to extend Bivens.

Like the plaintiff in Peoples v. CCA Detention Centers, Plaintiff Akinsuroju

has an alternative remedy in state court. If Plaintiff Akinsuroju wishes to pursue a lawsuit may bring a negligence claim against the individual personnel at McRae in state court, this Court follows the lead of the Tenth and Fourth Circuits and declines to extend <u>Bivens</u> to the facts of this case. Accordingly, this Court finds that the Plaintiff has failed to state a claim upon which relief may be granted.

## CONCLUSION

This Court finds that Plaintiff Akinsuroju has failed to state a claim for relief under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) against CCA and, to the extent he impliedly sued them, the individual employees of CCA. Accordingly, **IT IS HEREBY ORDERED** Plaintiff's claim is **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk is **DIRECTED** to close this case.

**SO ORDERED.**

_____
JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

Dated: September ___1___, 2006